# UNITED STATES COURT OF APPEALS
# ELEVENTH CIRCUIT

Case No. 24-12784

JOHN H. OWOC and MEGAN E. OWOC

Appellants,

vs.

BLAST ASSET ACQUISITION, LLC

Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

LOWER TRIBUNAL CASE NO. 23-61382-CIV-SINGHAL

**APPELLANTS' MOTION TO VACATE DISMISSAL AND TO REINSTATE APPEAL**

_____          _____
John H. Owoc                                            Megan E. Owoc

6278 N Federal Hwy, #220
Fort Lauderdale, FL 33308
Phone: 954-632-7119
Email: jackowoc.ceo@gmail.com

1

Appellants **John H. Owoc** and **Megan E. Owoc**, appearing pro se, respectfully move this Honorable Court to vacate its Order of Dismissal entered December 29, 2025, and to reinstate this appeal, pursuant to FRAP 27 and this Court's inherent authority and in support state as follows:

### SUMMARY OF FACTS

1. This appeal arises from proceedings in the United States District Court for the Southern District of Florida, Case No. 23-61382-CIV-SINGHAL, in which Appellants John H. Owoc and Megan E. Owoc were parties adverse to Blast Asset Acquisition, LLC. Appellants timely filed a Notice of Appeal seeking appellate review of the district court's judgment. The appeal was docketed in the United States Court of Appeals for the Eleventh Circuit as Case No. 24-12784.

2. Throughout the appellate proceedings, Appellants have appeared pro se, without the assistance of counsel. As non-attorneys, Appellants were required to independently comply with the Federal Rules 30 (a) Federal Rule of Appellate Procedure and the Eleventh Circuit's local rules, including the preparation and filing of the appellate appendix.

3. The Appendix to the Brief of Appellants required the compilation, organization, and formatting of a substantial and complex record, including pleadings, orders, exhibits, and other materials necessary for meaningful appellate review. The scope and volume of these materials required significant time and effort to assemble correctly.

4. Appellants' failure to timely file the appendix was not intentional or the result of disregard for the Court's rules. Rather, the delay resulted from a combination of:

    o The bulk and technical complexity of the record that had to be assembled;

2

- The inherent difficulty faced by pro se litigants navigating appellate procedural requirements; and
- Appellants encountered significant and unavoidable hardship during the relevant period, as they were relocating their home and caring for six young children. These circumstances materially restricted their ability to prepare and submit the appendix within the required timeframe.

5. On December 29, 2025, this Court entered an Order of Dismissal for Want of Prosecution, stating that the appeal was dismissed because Appellants failed to file an appendix within the time fixed by the rules. The dismissal was procedural in nature and did not address the merits of the appeal.

6. Following the dismissal, Appellants diligently completed the required work and have now fully prepared the Appendix to the Brief of Appellants. The appendix is submitted contemporaneously with Appellants' motion, thereby curing the sole procedural deficiency that led to dismissal.

7. Reinstatement of the appeal would not prejudice Appellee. The appeal was dismissed solely on procedural grounds, the delay was limited, and Appellee has not relied on the dismissal to its detriment.

8. At all times, Appellants acted in good faith and demonstrated an intent to prosecute their appeal on the merits. The failure to timely file the appendix was the result of excusable circumstances, not abandonment or neglect of the appeal.

## LEGAL ARGUMENT

### I. *The Dismissal Should Be Vacated Because Appellants Demonstrated Excusable Neglect*

This Court possesses inherent authority and discretion to vacate a dismissal for want of prosecution where the movant demonstrates excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997–98 (11th Cir. 1997).

Under binding Eleventh Circuit precedent, excusable neglect is determined through an equitable analysis considering: (1) prejudice to the opposing party; (2) length of delay and impact on judicial proceedings; (3) reason for the delay; and (4) good faith. *Id.* Each factor weighs decisively in favor of Appellants.

First, Appellee suffers no prejudice from reinstatement. The dismissal was procedural, not substantive, and Appellee has not relied on the dismissal to alter its position or strategy. The appellate record remains unchanged, and Appellee's ability to respond on the merits is unimpaired.

Second, the delay was limited and has been fully cured. Appellants have now submitted the complete Appendix to the Brief of Appellants, eliminating the sole basis for dismissal. Reinstatement will not disrupt the Court's docket or undermine the orderly administration of justice.

Third, the reason for the delay constitutes excusable neglect. Appellants are pro se litigants who were required to compile a voluminous and technically demanding appendix without the benefit of counsel. This burden was compounded by moving challenges during the filing period. The Eleventh Circuit has repeatedly distinguished excusable neglect from willful or contumacious conduct, and nothing in the record suggests bad faith or intentional noncompliance.

Fourth, Appellants acted in good faith and with diligence. They timely initiated the appeal, never abandoned it, and promptly corrected the procedural deficiency once able to do so. Good-faith efforts to comply with procedural rules weigh strongly in favor of relief. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

## II. *Dismissal is a disproportionate sanction under the circumstances*

Dismissal for want of prosecution is an **extreme sanction**, appropriate only where a party's conduct reflects willful delay or contumacious disregard of court rules. *See McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986). No such conduct exists here.

Appellants' omission was procedural, non-willful, and promptly cured. Allowing dismissal to stand would elevate form over substance and deprive Appellants of appellate review based solely on a correctable technical lapse. The Eleventh Circuit disfavors such outcomes, particularly where lesser remedies are available and the defect has already been remedied.

## Iii. *The interests of justice require reinstatement of the appeal*

The Eleventh Circuit has consistently expressed a strong preference for resolving cases on their merits rather than on procedural defaults. Reinstatement here promotes judicial economy, fairness, and confidence in the appellate process, while imposing no unfair burden on Appellee.

Balancing all relevant factors, the equities weigh overwhelmingly in favor of vacating the dismissal and reinstating the appeal. Denial of reinstatement would result in manifest injustice inconsistent with both the Federal Rules of Appellate Procedure and controlling Eleventh Circuit precedent.

### *Iv. Denial of appellant's motion would amount to an abuse of discretion*

An abuse of discretion is a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found. *Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995); *Rabkin v. Oregon Health Scis. Univ.*, 350 F.3d 967, 977 (9th Cir. 2003) (quotation and citation omitted).

### CONCLUSION

Accordingly, the Appellants pray that for the interest of justice and fairness, this Court issues an Order granting Appellants' Motion to Reinstate.

Dated this January 1st, 2026

_____          _____
John H. Owoc                                      Megan E. Owoc

# View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialogue box that appears. Note: If your browser does not support this function, select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a scheduled Pickup**
   - Your driver will pickup your shipment(s) as usual.

   **Customers without a scheduled Pickup**
   - Schedule a Pickup on ups.com to have a UPS driver pickup all of your packages.
   - Take your package to any location of The UPS Store®, UPS Access Point(TM) location, UPS Drop Box, UPS Customer Center, Staples® or Authorized Shipping Outlet near you. To find the location nearest you, please visit the 'Locations' Quick link at ups.com.

| UPS Access Point™ | UPS Access Point™ | UPS Access Point™ |
|---|---|---|
| THE UPS STORE | CVS STORE # 3635 | CVS STORE # 4069 |
| 6278 N FEDERAL HWY | 1501 S FEDERAL HWY | 4725 N OCEAN DR |
| FORT LAUDERDALE FL 33308-1916 | POMPANO BEACH FL 33062-7512 | LAUDERDALE BY THE SEA FL 33308-2914 |

FOLD HERE

